JONES, *Mayor, et al.* v. WHITAKER *et al.*

No. 1477.   Opinion Filed May 14, 1912.

(124 Pac. 312.)

1.   **MUNICIPAL CORPORATIONS—Public Improvements—Contracts —Statutory Provisions.** Under a statute authorizing a municipal corporation to ''provide for'' the extension or construction of collateral sewers and which provides that the ''actual cost of labor and material expended'' in constructing such lateral does not limit the city council to the extension or construction of the work by the employment of laborers, or by permission of the respective lot owners to do the work themselves along and in front of their lots respectively, but authorizes the city council to provide for such construction, by the making of a contract for the construction of the work as a whole, as was done in this case.

2.   **SAME—Assessments—Apportionment.** While the authority of the city council to ''apportion'' a levy to various lots might, in the absence of a special direction, be regarded as a direction to apportion such levy equally, yet such inference or rule cannot be sustained in the presence of an express provision of the statute that the apportionment shall be made ''according to the actual cost of labor or material expended in constructing such lateral along the lot assessed.''

3.   **SAME—Injunction.** It is the general law that no one will be entitled to relief in equity to enjoin the collection of an assessment until he shall have shown that he meant to do equity by paying that portion of the tax assessed against him as it can be clearly seen that he ought to pay; and the owner of the property will not be permitted to refuse the payment of a total assessment where it is clear that he ought to pay a part, and where it can be seen what that part is.

4.   **SAME.** But this rule has no application to a case like the present, where the entire tax fails by reason of an illegal assessment, and in such a case the assessment may be enjoined without the

payment or tender of any portion of the tax, since it is impossible for the court to determine what portion is actually due.

5.  **SAME—Contract—Ordinance.** A statute delegating certain powers to a municipality to make a certain improvement, and stipulating therein that the municipality shall provide for such improvement by an ordinance, the municipality may not provide for the same by a resolution.

>   (a)   The question of estoppel does not arise under this record.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by James Whitaker and others against C. G. Jones, as Mayor of Oklahoma City, and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

*John H. Shirk,* for plaintiffs in error.

*Shartel, Keaton & Wells,* for defendants in error.

WILLIAMS, J.   On June 12, 1901, the mayor and city councilmen of the city of Oklahoma City, Oklahoma territory (now state), passed an ordinance, entitled "Ordinance No. 262," for the purpose of extending and constructing lateral sewers in certain portions of said city. This proceeding in error is to review the decree of the trial court enjoining the collection of assessments made by virtue of said ordinance.

The following questions are presented for determination:

(1) That Ordinance No. 262 attempts to authorize the mayor and city council to let the contract to a contractor or some outside party for the construction of said laterals (when the same should be done by the city direct) and to levy special assessments upon the abutting lots for the payment of such contract price, and for that reason the ordinance is in conflict with section 416, Wilson's Rev. & Ann. St. 1903 (Sess. Laws 1897, p. 80).

(2) That said Ordinance No. 262 authorizes the mayor and city council to apportion the cost and expense of the construction of the said laterals equally on all lots abutting thereon, when said assessment should be levied "on all lots abutting upon such

sewer" and apportioned thereto "according to the actual cost of labor or material expended in constructing such lateral along the lot assessed," and for that reason it is in violation of section 416, Wilson's Rev. & Ann. St. 1903 (chapter 6, art. 3, Sess. Laws 1897).

(3) That the ordinance does not specify the actual cost of labor and material furnished.

(4) That the work of constructing all the laterals was done in a very negligent and unskillful manner, and not in accordance with the plans and specifications therefor.

(5) That none of the jurisdictional prerequisites for the levying, by the mayor and city council, of a special assessment against the lots abutting on said laterals, had been taken, and that no notice was given of a time and place where the defendants in error might appear and offer objections to the justness or correctness of said assessment.

(6) That the pretended assessments were made by the plaintiffs in error without regard to the special benefit conferred by the construction of said laterals along the said lots, but in accordance with the prearranged estimated cost of constructing the portion of each lateral contiguous to each lot assessed.

1. The question raised in the first assignment has · been settled by the Supreme Court of the territory of Oklahoma against the contention of the defendants in error. *Jones et al. v. Holzapfel et al.*, 11 Okla. 405, 68 Pac. 511. That holding is supported by *Hitchcock v. City of Galveston*, 96 U. S. 341, 24 L. Ed. 659; *Galveston v. Heard*, 54 Tex. 420; 2 Dillon on Municipal Corporations, sec. 810.

2. Section 3 of Ordinance No. 262 provides:

"That when said extension and construction is completed, the mayor and city cuncil shall apportion the cost and expense of said extension and construction, calculating each section of section one of this ordinance, separately, to the various lots abutting on such extension, which shall be a special assessment against each and every lot abutting on said lateral sewers. The cost and expense of constructing said lateral sewers across each and every street and alley shall be apportioned equally on each

and every lot, each section of section one of this ordinance being estimated separately."

The plain language of section 3 of said ordinance shows that the cost and expense of constructing said laterals was to be apportioned equally on each and every lot, when the statute (section 416, Wilson's Rev. & Ann. St. 1903, *supra*) required the same to be apportioned according to the actual cost of labor or material expended in constructing such lateral along the lot assessed. In *Jones et al. v. Holzapfel et al., supra,* it is said:

"But the improvements having been made, the assessment upon the various lots abutting upon which the extension of the lateral sewers was made, under section 3 of the city ordinance, providing that 'when said extension and construction is completed, the mayor and city council shall apportion the cost and expense of said extension and construction, calculating each section of section one of this ordinance separately, to the various lots abutting on such extension, which shall be a special assessment against each and every lot abutting on said lateral sewer.' "

It will be observed that the language of the ordinance involved in *Jones et al. v. Holzapfel et al., supra,* is identical with that used in section 3 of the ordinance under consideration. In the opinion in that case the court said:

"The statute seems sufficiently plain if we pursue the rule by which we are required to accept a statute in its literal meaning, if that literal meaning be such as can be easily and readily understood, and which is susceptible of enforcement. The statute here directs the special assessment to be made for the construction of each lateral sewer on all lots abutting upon such sewer, and then lays.down the rule upon which such apportionment shall be made. * * * We think, therefore, that the apportionment was made upon an erroneous principle, the principle of equality, not authorized by statute."

Further on in the opinion it is said:

"We now hold that the assessment made in this case was not· made in conformity with the statute, is therefore without authority and illegal, and should be restrained. The pleadings in the case furnish us no means of discriminating and ascertaining what portion of the assessment would be due if the assessment had been made in conformity to the law, and we must therefore hold that the whole assessment as made must fail, not-

withstanding the fact that no part of the assessment was paid or offered to be paid. We do not here make a rule precluding the collection of the amount due from the abutting property, when the assessment shall be properly made, holding, as we do, that the contract under which the work was done was one which the corporation was authorized to make."

So, under the allegations of the petition, section 3 of the ordinance contemplated that the assessment should be apportioned equally on each and every lot, and not according to the actual cost of labor or material expended in constructing such lateral along the lot assessed. The said ordinance also bears out the allegation; the correctness of the same being admitted by the answer of the defendants (plaintiffs in error).

It is insisted, however, that this vice was cured by a subsequent act on the part of the council. Section 416, *supra,* provides:

"That in cities of the first class, the city council may, by *ordinance* (italics ours), provide for the extension or construction of laterals to main or lateral sewers constructed at the costs of the city, and shall be authorized to levy a special assessment on all lots abutting upon such sewer, and shall apportion such levy to the various lots, according to the actual cost of labor or material expended in constructing such lateral along the lot assessed."

This statute seems to contemplate that this shall be done by ordinance, and not by resolution. See, also, section 7, c. 6, page 96 (act of March 16, 1903), Sess. Laws 1903. That being so, the action of the council subsequent to the commencement of this injunction proceeding, seeking to cure the vice complained of by passing a resolution providing for the manner of the apportionment of the assessment, and fixing a day for the hearing, was void.

In *Kerker et al. v. Bocher et al.,* 20 Okla. 729, 95 Pac. 981, the question was raised as to whether the resolution therein relied on was ineffective in that such act of the council must be expressed by ordinance; but there we held that, on account of the acts of the complaining parties, they were estopped from setting up such fact. In the case at bar the resolution was passed

after the injunction proceeding had been commenced. The defendants in error were then and there in court complaining and objecting to the assessment and seeking to restrain the plaintiffs in error from enforcing the alleged assessment against their property. In that respect no estoppel could operate against them. However, an estoppel was attempted to be pleaded in the answer by the defendants (plaintiffs in error) on the ground that the defendants in error had stood by and permitted the improvements or sewers to be laid and completed without objecting that the ordinance under which the same were being laid was invalid. But the question here involved is that the parties were entitled to have the assessment made and apportioned according to the actual cost of labor or material expended in constructing such lateral along the lot assessed.

Under the authority of *Jones et al. v. Holzapfel et al., supra,* a new apportionment can be made by enacting an appropriate ordinance. In the opinion in that case it is said:

"It will be left to the plaintiffs in error to take such steps under the statute, as we construe it, to make a new apportionment upon the defendant's abutting property, for so much of the expense of the lateral sewer against each lot as has been expended in constructing such lateral along the particular lot assessed."

3. This assignment is disposed of under assignment 2, *supra.*

4. It is not essential that we consider this assignment in view of the record in this case.

5. It is not necessary that we now pass on this question.

The judgment of the lower court is affirmed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.